# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Rita Gallusser<br>   *Plaintiff* | )<br>)<br>) |
| v. | ) Case No. 3:13CV-835-H<br>) |
| Stellar Recovery, Inc.<br>   *Defendant* | )<br>)<br>) |
| Serve:<br>   Business Filings Incorporated<br>   306 W Main St<br>   Suite 512<br>   Frankfort, KY 40601 | )<br>)<br>)<br>)<br>)<br>) |
| Data Search NY, Inc.<br>d/b/a TRAKAmerica | )<br>) |
| Serve:<br>   CT Corporation System<br>   111 Eighth Avenue<br>   New York, NY 10011 | )<br>)<br>)<br>)<br>) |
| CACH, LLC<br>   *Defendant*<br>Serve:<br>   The Corporation Company<br>   1675 Broadway Suite 1200<br>   Denver, CO 80202 | )<br>)<br>)<br>)<br>)<br>) |
| McGuigan Law Office, LLC | )<br>) |
| Serve:<br>   Kentucky Secretary of State | )<br>)<br>) |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. On January 25, 2013, Defendant Stellar Recovery sent Plaintiff Rita Gallusser a dunning letter. The letter falsely identified Soaring Capital, LLC as the original creditor and TRAKAmerica as the current creditor. Soaring Capital, LLC was not the original creditor on the debt. Soaring Capital is a junk debt collector that purchases charged off debt and tries to collect it from consumers such as Ms. Gallusser. TRAKAmerica could not be the current creditor of the debt as alleged in the letter because Ms. Gallusser reached a settlement agreement with Soaring Capital in the case of *Gallusser v. Soaring Capital, LLC*, 3:13-CVS-509-CRS (W.D.Ky.) that extinguished the debt at issue in the January 25th dunning letter. Moreover, Ms. Gallusser never had an account with TRAKAmerica. TRAKAmerica is not registered to do business in Kentucky. It was only through an extensive search of TRAKAmerica's website that counsel able to determine that TRAKAmerica was the d/b/a of Defendant Data Search NY, Inc. The false statements in the January 25th dunning letter misled and confused Ms. Gallusser, and overshadowed her rights to dispute and validate the debt under the FDCPA.

3. On September 3, 2012, Defendant McGuigan Law Office, LLC sent Ms. Gallusser a dunning letter. The September 3rd dunning letter identified WaMu/Providian Bank as the original creditor on the account. This statement was highly misleading. The statement falsely infers that McGuigan was attempting to collect a debt on behalf of WaMu/Providian Bank. The inference was false, because the debt was in fact owned by Defendant CACH, LLC. McGuigan was actually attempting to collect a debt on behalf of CACH. Neither McGuigan nor CACH sent Ms. Gallusser any documentation within five days of September 3, 2012 identifying CACH as the original creditor as required by the FDCPA.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

5. Plaintiff, Rita Gallusser, is a natural person who resides in Jefferson County, Ky. Ms. Gallusser is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant Stellar Recovery, Inc. ("Stellar") is a foreign corporation that has registered with the Kentucky Secretary of State. Stellar is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. Stellar's principal place of business is located at1327 Highway 2 West, Suite 100, Kalispell, MT 59901.

7. Stellar regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

8. Defendant Data Search NY, Inc. ("Data Search") is a foreign corporation that has not registered with the Kentucky Secretary of State. Data Search is doing business as TRAKAmerica. Data Search is engaged in the business of purchasing debt from creditors and

collecting these debts in this state and/or collecting debts on behalf of other debt collectors or creditors. Data Search's principal place of business is located at 999 Vanderbilt Beach Road, Suite 607, Naples, FL 34108.

8. Data Search is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

9. Defendant CACH, LLC ("CACH") is a third-party debt collector, whose principal office is located at 4340 S. Monaco St., 2nd Floor, Denver, CO 80237.

10. CACH regularly collects or attempt to collects debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

11. Defendant McGuigan Law Office, LLC ("McGuigan") is a Pennsylvania limited liability company and "law firm" regularly engaged in the business of collecting debts in this State with its principal place of business located at 311 Veterans Highway, Suite 100A, Levittown, Pennsylvania, 19056.

12. Defendant regularly collects or attempt to collects debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**I.    Facts Relating to Stellar Recovery and Data Search**

13. On January 25, 2013, Stellar Recovery sent Ms. Gallusser and dunning letter. (A copy of the January 25th dunning letter is attached as Exhibit "A").

14. The January 25th letter identified Soaring Capital, LLC as the original creditor and TRAKAmerica as the current creditor.

15. Soaring Capital, LLC was not the original creditor of the debt.

16. Soaring Capital is a junk debt collector that purchases charged off debt and tries to collect it from consumers.

17. Ms. Gallusser recently settled a lawsuit with Soaring Capital in the case of *Gallusser v. Soaring Capital, LLC*, 3:13-CVS-509-CRS (W.D.Ky.). The settlement extinguished the debt at issue in the January 25th dunning letter.

18. Consequently, TRAKAmerica could not be the current creditor of the debt as alleged in the January 25th letter.

19. Ms. Gallusser never had an account with TRAKAmerica and has never transacted any business with TRAKAmerica.

20. TRAKAmerica is not registered to do business in Kentucky.

21. An extensive search of TRAKAmerica's website revealed that Data Search is doing business as TRAKAmerica.

22. Neither Stellar Recovery nor Data Search sent Ms. Gallusser any additional information concerning the debt after sending Ms. Gallusser the January 25th dunning letter.

23. The false statements in the January 25th dunning letter misled and confused Ms. Gallusser, and overshadowed her rights to dispute and validate the debt under the FDCPA.

## II.    Facts Relating to McGuigan and CACH

24. On September 3, 2012, McGuigan sent Ms. Gallusser and dunning letter. (A copy of the September 3rd dunning letter is attached as Exhibit "B").

25. The September 3rd dunning letter identified WaMu/Providian Bank as the original creditor on the account and demanded recovery of $3,581.92.

26. The September 3rd dunning letter did not identify CACH as the current creditor or mention CACH in any way.

27. Neither McGuigan nor CACH sent Ms. Gallusser any further notice that CACH the current creditor on the debt.

28. Ms. Gallusser sent McGuigan a timely debt dispute and validation letter.

29. In response to Ms. Galluser's letter, McGuigan sent Ms. Gallusser a letter on December 4, 2012. (A copy of the December 4th letter is attached as Exhibit "C").

30. The December 4th letter identified WaMu/Providian Bank as the original creditor and identified CACH, Inc. as McGuigan's client.

31. The December 4th letter also stated that the current balance of the account was $3,060.98, which is $520.94 less than the amount McGuigan alleged was due in the September 3rd dunning letter.

32. McGuigan's statements in the September 3rd letter were highly misleading.

33. The September 3rd letter falsely infers that McGuigan was attempting to collect a debt on behalf of WaMu/Providian Bank.

34. The inferences in the September 3rd letter were false because the debt was in fact owned by Defendant CACH, LLC and McGuigan was actually attempting to collect a debt on behalf of CACH.

35. Neither McGuigan nor CACH sent Ms. Gallusser any documentation or any other communication within five days of September 3, 2012 identifying CACH as the original creditor as required by the FDCPA.

36. Upon information and belief, the September 3rd dunning letter includes interest and fees that CACH had neither a contractual nor statutory right to recover.

**Claims for Relief: Violation of the Fair Debt Collection Practices Act**

37. Defendants Stellar Recovery and Data Search's violations of the FDCPA include, but are not limited to, the following:

**(a)** Violation of 15 U.S.C. § 1692g: The January 25, 2013 dunning letter falsely identifies Soaring Capital as the original creditor of a debt allegedly owed by Ms. Gallusser and TRAKAmerica as the current creditor. Neither Stellar Recovery nor Data Search sent Ms. Gallusser a letter or other communication within five days identifying the correct original creditor of the debt. The January 25th letter overshadowed Ms. Gallusser's ability to exercise her rights under the FDCPA to dispute or request validation of the debt; and

**(b)** Violation of 15 U.S.C. §§ 1692d, 1692e, and 1692f: Stellar Recovery and Data Search attempted to collect a debt from Ms. Gallusser that neither Stellar Recovery owned and had no right to collect. Stellar Recovery and Data Search attempted to collect a debt from Ms. Gallusser that was extinguished in her settlement with Soaring Capital in *Gallusser v. Soaring Capital, LLC*, 3:13-CVS-509-CRS (W.D.Ky.)

37. Defendants McGuigan and CACH's violations of the FDCPA include, but are not limited to, the following:

**(a)** Violation 15 U.S.C. § 1692g: The September 3, 2012 dunning letter fails to identify CACH as the current creditor of the debt. Neither McGuigan nor CACH sent Ms. Gallusser a letter or other communication identifying CACH as the current creditor;

**(b)** Violation of 15 U.S.C. § 1692f(1): The September 3rd dunning letter included accrued interest and/or other fees that CACH had neither a contractual nor statutory right to collect; and

**(c)** Violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10): The September 3rd dunning letter falsely represented the debt allegedly owed by Ms. Gallusser by including interest and/or fees that CACH had no legal right to accrue or collect.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Rita Gallusser, requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzieatty.com

**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclc.com